IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM CHARLES GRAHAM,** )<br>)<br>)<br>**Petitioner,** )<br>)<br>vs. )<br>)<br>**T. LILLIARD, Warden, FCI Greenville,** )<br>**Respondent.** ) | Civil No. 24-cv-2071-DWD |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter comes before the Court on Petitioner William Charles Graham's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The petitioner is incarcerated at the Federal Correctional Institute at Greenville, Illinois, where respondent T. Lillard is the warden. The petitioner is challenging his conviction in the U.S. District Court for the District of Minnesota. As is explained more fully below, in light of *Jones v. Hendrix*, 599 U.S. 465 (2023), Petitioner may not use § 2241 to collaterally attack his conviction.

This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other *habeas corpus* cases.

1

I.   BACKGROUND

On July 16, 2019, Petitioner was indicted in the U.S. District Court for the District of Minnesota for interference with commerce by robbery and using, carrying, and brandishing a firearm during and in relation to a crime of violence. *U.S. v. Graham*, No. 19-cr-185, Doc. 1 (D. Minn. July 16, 2019). Petitioner was found guilty of those charges in September 2020 after a bench trial. *Id.* at Docs. 258 & 259. On June 24, 2021, he was sentenced to a total of 294 months of imprisonment. *Id.* at Doc. 489. Petitioner appealed that judgment; however, the appeal was dismissed by the Eighth Circuit due to his failure to prosecute.[1] *Id*. at Docs. 601 & 602.

Around this same time, Petitioner sought to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[2] *Id.* at Docs. 597 & 604. The District Court of Minnesota denied the relief requested by Petitioner under § 2255 on July 13, 2022. *Id*. at Docs. 677 & 678. Petitioner appealed, and the Eighth Circuit affirmed, the judgment. *Id*. at Docs. 679 & 690. Thereafter, the Eighth Circuit denied multiple requests by Petitioner to authorize a second or successive application for relief under § 2255. *Id*. at Docs. 735, 751, 778, 815.

Petitioner has also filed numerous habeas corpus petitions pursuant to 28 U.S.C. § 2241 challenging his criminal proceedings, as well as his convictions and sentence, in the United States District Court for the District of Minnesota,[3] the United States District Court

---

[1] Notwithstanding this fact, Petitioner checked "no" to the question asking if he filed an appeal (Doc. 1, pg. 3).
[2] Notwithstanding this fact, Petitioner declined to check "yes" or "no" to the question of whether he has "already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence." (Doc. 1, pg. 5)
[3] The Court's research reveals the following cases: *Graham v. U.S. Marshal,* No. 20-cv-1204 (D. Minn. March 30, 2020); *Graham v. U.S. Marshal*, No. 21-cv-246 (D. Minn. Jan. 28, 2021); *Graham v. U.S.*

for the Eastern District of Kentucky,[4] and the United States District Court for the Southern District of Illinois.[5] With the exception of one petition which has not yet been screened, all of Petitioner's § 2241 claims have been summarily denied as not cognizable in a § 2241 proceeding, procedurally improper, without merit, or for failure to prosecute.

## II. DISCUSSION

Petitioner contends he is "in custody in violation of the Constitution, laws[,] or treaties per the United States." (Doc. 1, pg. 1). He also states that he is challenging "[t]he facts concerning the applicant's commitment to detention, i.e., the fact or duration of confinement." (*Id.* pg. 3). The ground for relief stated in the petition is as follows:

> The declaration of Article V of the amendment per the Constitution, law or treaties of the United States declares that "no person shall be held to answer for a capital or other infamous crime, unless on a presentment or indictment of a Grand Jury."
>
> The petitioner asserts that his imprisonment has been from its commencement unconstitutional and in violation of the due process clause guaranteed to him per the Fifth Amendment to the Constitution, law or treaties of the United States. In fact, he has been deprived of the substantial right per the Fifth Amendment, to be indicted, tried, and sentenced only on charges returned by a Grand Jury, which resulted in the unconstitutional commitment upon which he is now being held to answer. He was not in the [illegible] and in good faith afforded due process of law, a full and fair trial, and/or informed of the nature and cause of the accusation against him to prepare a proper defense.

---

*Marshal,* No. 21-cv-1716 (D. Minn. Jul. 26, 2021); *Graham v. Gilley,* No. 22-cv-748 (D. Minn. March 25, 2022); *Graham v. USP-McCreary,* No. 22-cv-1041 (D. Minn. April 25, 2022); *Graham v. Gilley,* No. 23-cv-2036 (D. Minn. July 6, 2023); and *Graham v. USA,* 23-cv-839 (D. Minn. April 3, 2023).

[4] The Court's research reveals the following cases: *Graham v. Gomes,* No. 21-cv-191 (E.D. Ken. Nov. 17, 2021); *Graham v. Landon,* No. 21-cv-202 (E.D. Ken. Dec. 10, 2021); *Graham v. Landon,* No. 22-cv-9 (E.D. Ken. Jan. 24, 2022); *Graham v. Gilley,* No. 22-cv-21 (E.D. Ken. Feb. 3, 2022); *Graham v. Gilley,* No. 22-cv-57 (E.D. Ken. March 18, 2022); *Graham v. Gilley*, No. 22-cv-62 (E.D. Ken. March 28, 2022); *Graham v. USA,* No. 22-cv-67 (E.D. Ken. April 4, 2022); and *Graham v. Gilley,* No. 22-cv-83 (E.D. Ken. April 15, 2022).

[5] The Court's research reveals the following cases: *Graham v. Lillard,* No. 24-cv-1110 (S.D. Ill. April 15, 2024); *Graham v. Lillard,* No. 24-cv-1223 (S.D. Ill. May 6, 2024); *Graham v. Lillard,* No. 24-cv-1540 (S.D. Ill. June 20, 2024); and *Graham v. Lillard,* No. 24-cv-2055 (S.D. Ill., August 28, 2024).

(Doc. 1, pg. 11). Further, in his briefing (Doc. 1, pgs. 17-47), Petitioner contends the alleged deficiencies in the indictment establish that the trial court did not have jurisdiction over his prosecution.

Petitioner's collateral attack on his sentence is not cognizable in a § 2241 proceeding in light of *Jones v. Hendrix*, 599 U.S. 465 (2023), which held that, with few exceptions, a motion under 28 U.S.C. § 2255 is the sole method of collaterally attacking a sentence.

Generally, an inmate must bring a challenge to his sentence in a § 2255 motion in the district of his conviction. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). He is limited to one § 2255 motion and may file a second or successive motion only if he relies on "newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2), as his basis for relief. However, there is an exception to this rule under the "savings clause" of § 2255(e), which allows an inmate to attack his sentence in a § 2241 petition in the district of his incarceration where a § 2255 motion is "inadequate or ineffective to test the legality of his detention."

Last year, the Supreme Court held in *Jones v. Hendrix*, 599 U.S. 465 (2023), that § 2255 is not "inadequate or ineffective to test the legality of [an inmate's] detention" in the situations allowed by *In re Davenport* and many other Courts of Appeal. *Id.* at 477. On the contrary, it held § 2255 is only "inadequate or ineffective" to challenge a sentence in "unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court," such as, for example, where the court of conviction no

4

longer exists. *Id.* at 474. The Court held that allowing a collateral attack in a § 2241 petitions in any other circumstance would work an end-run around § 2255(h)'s limitations on successive collateral attacks to two, and only two, circumstances—"newly discovered evidence," § 2255(h)(1), or "a new rule of constitutional law," § 2255(h)(2). *Id.* at 477. The Court drew a "straightforward negative inference" from this limitation—that no other successive collateral attacks on a sentence are allowed, period. *Id.* at 477-78.

Thus, § 2241 is not available to challenge a sentence where an inmate has already filed a § 2255 motion and is barred from filing another because his challenge does not fall within the gateway criteria of § 2255(h). As a consequence, § 2241 is not available to Petitioner.

The Court further notes that the claims presented in this action are virtually identical to the claims presented in at least one of Petitioner's earlier filed § 2241 petitions. *See Graham v. Lilliard*, No. 24-cv-1540 (S.D. Ill. June 20, 2024) (Docs. 1 & 12). In both cases, Petitioner raises arguments alleging deficiencies in the indictment establish the District of Minnesota did not have jurisdiction over his prosecution. In Case No. 24-cv-1540, the undersigned dismissed Petitioner's § 2241 petition, explaining that his claims could not be brought in a § 2241 petition. Thus, to the extent that there is an identity of issues, the claims in this case are barred by *res judicata*.

Finally, as previously noted, Petitioner has filed numerous § 2241 petitions – 18 that the Court is aware of - in three different district courts. Some of these petitions are repetitive and all have been summarily dismissed as not cognizable in a § 2241

5

proceeding, procedurally improper, without merit, or for failure to prosecute. Petitioner's repetitive § 2241 petitions require this Court and other courts to dedicate significant time and resources in resolving his claims. This impairs the Court's ability to adjudicate the legitimate claims of other litigants. Petitioner is **WARNED** that he must refrain from filing frivolous or duplicative cases and pleadings in this Court. His failure to so refrain may result in the imposition of sanctions consistent with *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997).[6] In *Alexander*, the Seventh Circuit imposed a monetary sanction as well as an order that future filings by the petitioner would be deemed denied on the thirtieth day unless the Court entered an order to the contrary. *Alexander*, 121 F.3d at 315-16. In imposing these sanctions, the Seventh Circuit relied on the principle that courts have "inherent powers to protect themselves from vexatious litigation." *Id.* at 316 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)).

###  III.   DISPOSITION

For the foregoing reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED with prejudice** and all pending motions are **TERMINATED as MOOT**.

If Petitioner wishes to appeal this Order, he must file a notice of appeal with this Court within 60 days of the entry of judgment FED. R. APP. P. 4(a)(1)(B). If Petitioner chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. If the

---

[6] The Court notes that in *Graham v. Gilley*, No. 22-cv-21 (E.D. Ken. Feb. 16, 2022), Petitioner was warned that the District court would "impose sanctions should he continue to file repetitive habeas corpus petitions or baseless motions." (*Id*. Doc. 10).

Petitioner files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

It is not necessary for the Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 7, 2024**

David W. Dugan
**United States District Judge**